**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

CHERYL L. HOWARD,

     Plaintiff,

  vs.                             Case No.:

UNION SECURITY INSURANCE
COMPANY,

     Defendant.

## COMPLAINT

COMES NOW the Plaintiff, CHERYL HOWARD, by and through the undersigned attorney, and files this Complaint stating causes of action against Defendant, UNION SECURITY INSURANCE COMPANY, and alleges as follows:

1. This is an action for recovery of benefits under employee welfare benefit plans brought pursuant to 29 U.S.C. §1132(a)(1)(b)(ERISA).

2. Plaintiff, CHERYL HOWARD, is an adult resident citizen of Sherburne County, Minnesota.

3. Defendant, UNION SECURITY INSURANCE COMPANY (hereinafter "UNION SECURITY"), is a foreign corporation authorized to engage and engaging in business within the State of Florida.

4. This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

## COUNT I – BREACH OF CONTRACT

5. Plaintiff and/or her employer, Revionics, Inc., purchased through her employer a contract of salary continuance insurance including long term disability (LTD) benefits (hereinafter "the LTD Plan"), effective December 9, 2013.

6. At all times material to this Complaint, the LTD Plan was in full force and effect and Plaintiff was an LTD Plan participant.

7. Defendant, UNION SECURITY, is in possession of all master LTD Plan documents.

8. Defendant is a third party plan administrator or claims fiduciary given discretion to interpret LTD Plan provisions and is an LTD Plan fiduciary, or alternatively, is an LTD plan fiduciary without discretion to interpret LTD Plan provisions.

9. On or about September 24, 2014, Plaintiff became totally disabled from her past employment as defined by the LTD Plan, due to kidney disease, chronic myelogenous leukemia, vision problems, fatigue, and other exertional and non-exertional impairments.

10. Plaintiff made a timely application for disability benefits under the LTD Plan.

11. Plaintiff's application for benefits was approved by Defendant or its agents on or about March 18, 2015.

12. Defendant terminated Plaintiff's LTD benefits on February 29, 2016, with no benefits paid beyond February 29, 2016.

13. Plaintiff appealed said termination of benefits on or about August 26, 2016.

14. Defendant acknowledged receipt of Plaintiff's appeal on September 2, 2016.

15. Pursuant to the ERISA claims regulations, 29 CFR 2560.503-1, the deadline for AETNA's decision on the claim was 45 days later, on October 10, 2016.

16. By October 10, 2016, no decision or timely notification that an extension is necessary was communicated to Plaintiff or her counsel.

17. On November 4, 2016, Defendant requested an extension for their appeal review stating they anticipated issuing a decision by December 4, 2016.

18. On November 22, 2016, Defendant issued another letter requesting a second extension and they anticipated having an answer by December 22, 2016.

19. On December 23, 2016, Defendant issued another letter requesting a third extension and they anticipated having an answer by January 22, 2017.

20. Defendant still has not issued a determination as of the filing of this complaint.

21. The ERISA claims regulations state that in the event a Plan fails to comply with those regulations, the claimant is deemed to have exhausted all administrative remedies, and is entitled to immediately seek enforcement of her rights in court under ERISA § 502.

22. Plaintiff has therefore exhausted all available administrative remedies afforded by the LTD Plan and has otherwise complied with all conditions precedent to this action.

23. In the event that a claim is "deemed exhausted," rather than actually decided by an administrator, there is no decision to which the court can grant deference, and no exercise of discretion by the administrator. The standard of review in such cases, therefore, is *de novo*, despite any language in the plan documents purporting to grant discretion to the administrator. *See* Gilbertson v. Allied Signal, Inc., 328 F.3d 625, 631 (10th Cir.2003) ( "We hold that when substantial violations of [the] ERISA deadlines result in the claim's being automatically deemed denied on review, the district court must review the denial *de novo*, even if the plan administrator has discretionary authority to decide claims."); *see also* Jebian v. Hewlett–Packard Co. Employee Benefits Org. Income Prot. Plan, 349 F.3d 1098, 1107 (9th Cir.2003) (agreeing that consequential violations of the ERISA would entitle the plaintiff to *de novo* review); McDowell v. Standard Ins. Co., 555 F.Supp.2d 1361, 1373 (N.D.Ga. 2008) (agreeing with Gilbertson).

24. Plaintiff continues to remain totally disabled from employment, as defined by the Plan, due to kidney disease, chronic myelogenous leukemia, vision problems, fatigue, and other exertional and non-exertional impairments.

WHEREFORE, Plaintiff prays for a judgment against the Defendant for all LTD Plan benefits owing at the time of said judgment, pre-judgment interest, attorney's fees, costs of this action, and all other relief deemed just and proper by the Court.

Dated: January 23, 2017

*/s/ Nick A. Ortiz*
Nick A. Ortiz
Florida Bar No. 12699
Ortiz Law Firm
823 E Jackson St.
Pensacola, FL 32501
(850) 308-7833(P)
(850) 208-3613 (F)
nick@nickortizlaw.com
Counsel for Plaintiff